# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 24, 2020

```
* * * * * * * * * * * * * * * * * * * * * * * * *
J'NHIA RUTLEDGE,                  *    No. 19-1277V
                                  *
         Petitioner,              *    Special Master Sanders
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *    Dismissal; Failure to Prosecute; Insufficient
AND HUMAN SERVICES,               *    Proof; Human Papilloma Virus ("HPV")
                                  *    Vaccine; Fatigue and Body Aches
         Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Kimberly S. Davey*, United States Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL**[1]

On August 26, 2019, J'nhia Rutledge ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she developed "fatigue and body aches" as a result of the Human Papilloma Virus ("HPV") vaccine she received on August 25, 2019. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

On August 27, 2019, I issued the initial order in this case and set a deadline of September 26, 2019, for Petitioner to submit her medical records and a statement of completion. Initial Order at 1, ECF No. 5. On September 26, 2019, Petitioner's counsel filed a status report explaining that he " was contacted by Petitioner within days of her statute of limitations for filing a claim in the [V]accine [P]rogram. Therefore, [he] has not yet obtained the medical records regarding Petitioner's injury but is working with Petitioner to gather them." Status Report, ECF No. 10 at 1. Petitioner requested an additional ninety days to submit her records. *Id.* Respondent did not object, and I set a new deadline

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

of December 26, 2019, for Petitioner to submit her medical records. Informal Comm., docketed Sept. 27, 2019; Non-PDF Order, docketed Sept. 27, 2019.

On December 26, 2019, Petitioner filed a motion for extension of time requesting an additional twenty days to file her medical records. Mot. for Ext. of Time, ECF No. 11. I granted Petitioner's motion and set the new deadline of January 15, 2020, for Petitioner to file her medical records. Non-PDF Order, docketed Jan. 6, 2020.

Petitioner did not file any medical records by her January 15, 2020 deadline. Rather, she filed a status report indicating that her "[c]ounsel has been unable to obtain the necessary records in this case due to lack of cooperation from Petitioner." Status Report at 1, ECF No. 12. Petitioner did not provide any additional information in her status report. *See id.*

On February 7, 2020, I issued a show cause order giving Petitioner a final opportunity to show cause why her case should nt be dismissed for failure to prosecute. Show Cause Order, ECF No. 13. In my order, I gave Petitioner a final deadline of March 9, 2020, to file medical records in support of her claim. *Id.* at 2. I warned Petitioner that if she failed to file medical records by this deadline, I would dismiss her claim. *Id.*

Petitioner did not file any medical records by her March 9, 2020 deadline. The Court has not received any additional filings or correspondence from Petitioner since her January 15, 2020 status report.

## II. Analysis

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the HPV vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, Petitioner has not submitted any medical records in support of her claim despite numerous opportunities to do so. When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183–85 (Fed. Cir. 1990) (affirming dismissal for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal for failure of a party to respond to discovery requests).

      In light of the COVID-19 global pandemic and potential issues obtaining medical records from providers in a timely manner, I provided Petitioner additional time to file records in support of her claim. To date, Petitioner has had three hundred and thirty-one days to submit medical records in support of her claim. She has indicated in a status report that she is either unwilling or unable to cooperate with her counsel to obtain the necessary records for her case to proceed. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[2]

      **IT IS SO ORDERED.**

      <u>s/Herbrina D. Sanders</u>
      Herbrina D. Sanders
      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.